# CIRCUIT COURT OF BALTIMORE CITY.

Filed March 28, 1927.

### VIOLET M. TARAKOFF AND HUSBAND
### VS.
### VON SCHLEGELL, INCORPORATED.

*James T. O'Neill* and *John R. Elly* for plaintiffs.

*George W. Lindsay* for defendant.

STEIN, J.—

On May 19th, 1925, Violet M. Tarakoff filed the bill in this case; thereafter her husband was made a party; the bill prayed (a) for a decree vacating a deed, dated December 6th, and recorded December 20th, 1924, from the plaintiffs to the defendant; (b) for an accounting of the income of the property named in the deed; and (c) for general relief. The right to relief is based upon (1) the husband's mental incapacity to make a valid deed or contract when he executed the deed and (2) the grantee's fraud and coercion procuring its execution.

The case was heard on bill, answer and testimony taken in open Court; depositions were taken under various commissions, returned, were not offered in evidence; the exceptions thereto not before the Court.

The testimony offered does not show either fraud and/or coercion.

The conclusion reached makes it unnecessary to consider the testimony on behalf of the plaintiffs tending to show: That from a time beginning about one year before the execution of the deed lasting continuously until some months thereafter, Mr. Tarakoff was mentally unable to make a valid deed or contract: because, after he was mentally competent, and had full knowledge of the execution of the deed attacked Mr. Tarakoff sent Mr. Von Schlegell, president and owner of all the capital stock of the defendant, a letter dated April 2nd, 1925, in the following words:

"May I inquire if you have any prospect of disposing of the 1605 property (i. e., that named in the deed) in the near future. For the last few weeks I have been in very urgent need of funds for hospital bills and additional treatment, and if you would be good enough to make me some advance pending the sale and. settlement you would be helping me considerably."

"I don't know what amount to suggest, if you cán spare $500 it will be highly appreciated."

The deed was voidable not void; the above letter, written after the husband's recovery and with knowledge of his execution of the deed, ratifies it. With no evidence, fraud or coercion, with the deed ratified, the only question open is "what was the consideration for the

execution of this deed?" Its recited consideration is "five dollars and other good and valuable considerations." It assigns to the defendant the equity of redemption, in a leasehold piece of property in this city, improved by a dwelling recently converted into an apartment house, known as No. 1605 North Calvert street, owned by the plaintiffs as tenants by the entirety.

The negotiations resulting in the giving of the deed, were had at the defendant's office in Baltimore City. Mr. Von Schlegell, president and owner of all the defendant's capital stock, acted for it. Mrs. Tarakoff, as her husband was ill at Williamsport, Pennsylvania, acted for her husband and self.

Mr. Von Schlegell testified that the plaintiffs had promised him many times to pay the husband's debt to the defendant out of their properties; and executed the deed to carry out such promises; that he, the witness, and Mrs. Tarakoff agreed the deed should be given, the property sold; out of its proceeds, the defendant should pay the encumbrance on the property, expenses of sale, the plaintiff's debts to the defendant and remit the balance to her husband and self.

Mrs. Tarakoff denied all knowledge that her husband owed the defendant any money, save that conceded at the hearing to be due; testified that the execution of the deed was agreed upon as an easy method of selling the property; that her husband's illness and his and her non-residence made it convenient, if not necessary to have some one in Baltimore sell the property; that Mr. Von Schlegell promised, if the property was assigned to the defendant, he would sell it for them, make them an advance before sale, and after the settlement, remit them the net proceeds after deducting therefrom the encumbrances, the expenses of sale and the· defendant's advances fixed at the hearing as seven hundred dollars, including the advances to the building association hereinafter named.

By agreement of counsel, the defendant did not attempt to prove the amount Mr. Tarakoff owed it, arising out of in what is hereafter referred to as the used car transactions; its proof setting up such indebtedness without specifying the amount.

The undisputed evidence shows that Mr. Tarakoff was an automobile salesman of unusual ability, had been in the

employ of the defendant and its predecessor for some time, and in the course of such employment, latterly over the defendant's protests, took over used cars, traded in part exchange for new cars he sold for the defendant, that he would sell these used cars for his own account; at times first having the defendant repair them; that after he became too ill to work, the defendant sold these used cars at a considerable loss to Mr. Tarakoff.

Mr. Tarakoff's long illness soon took all of his resources, save the equities of his wife and self in two pieces of property in this city, one during the course of that illness they sold, that they live in, spent the proceeds, rented the other, i. e., that involved in this suit; became in arrears on the weekly payments on the mortgage thereon; to avoid foreclosure, Mrs. Tarakoff asked the defendant to pay the arrearage of $210.66, which it did on October 29th, 1924, about seven weeks before the execution of the deed to the defendant.

In weighing the testimony on this question of consideration the situation of the parties must be considered. When the agreement was made to execute the deed, Mr. Tarakoff had been sick and out of work for more than one year; he and his wife had no income save from the above mortgaged properties; had sold one, to provide funds to meet the heavy expenses of his illness; when the deed attacked was made, the time of his recovery was uncertain; if Mrs. Tarakoff knew her husband owed the defendant on the used car transaction, as the cars were not sold until sometime after her husband stopped work, neither he nor she knew its amount; she did not owe this debt: as she and her husband as tenants by the entireties owned the property, it could not be subjected to the payment of the debts of either, without the consent of both; so that giving the property to the defendant either in payment of or as security for the husband's debt, as to her at least would have been voluntary, without good or valuable consideration. On the other hand, the defendant had advanced Mr. Tarakoff money during the earlier part of his illness; had no cause to continue such advances, had no reason to take a deed for the property, except as security or payment; if Mr. Von Schlegell had wanted only to facilitate a sale of the property, he could have referred Mrs. Tarakoff to a real estate broker and while Mr. Von Schlegell testified that the resources of this company would have enabled it to sell the property at a higher price, because of the more liberal terms it could give a buyer, yet while so doing in some way it could secure itself with the property.

The plaintiffs deny promising at any time that their above properties were security for the husband's debt; the defendant's testimony on this point is without much probative force, it shows that the promises made were vague and general and that the defendant did not act on them at the time they were made; such promises are of the kind usually made by debtors in straightened circumstances, are aptly illustrated in the letter of July 13th, 1925, to Mr. Von Schlegell in which Mr. Tarakoff wrote:

"May I add that, as has always been my custom, everyone that I am indebted to financially will be taken care of very soon. This of course also applies to Dr. Brown."

This was nothing more than an unmeaning promise; when he wrote the letter Mr. Tarakoff was not only out of work, but knew proceedings were pending, which, if successful, would take from the defendant its security for the very debt about which Mr. Tarakoff wrote to it.

The letters from Mr. Von Schlegell to Mrs. Tarakoff speak of the payment out of the proceeds of the sale of the house of *your* debt; these words could mean either, (1) the moneys the plaintiffs concede the defendant advanced them; (2) the $210.66 it paid the building association mortgagee at Mrs. Tarakoff's request; (3) the husband's debt on the used car transaction; or (4) all three of them. In view of Mrs. Tarakoff's testimony that she did not know anything about the debt on the used car transaction; the certainty that she did not know its amount; and that without her consent, neither she nor the property in the deed could be made liable for the debt; this language should not be construed to include the husband's debt in the used car transaction.

I will sign a decree holding that the property stands as security for:

A. The moneys due the respondent by the plaintiffs, conceded to be seven hundred dollars, with interest from the date of advances.

B. For any sums the respondent paid the mortgagee and is liable for under the covenants running with the land, less the income received and all proper expenses or charges for its collection.

C. That, if the parties cannot agree upon such sums, reference to an auditor will be had to fix them, and when agreed to or fixed by final decree, unless paid within thirty days thereafter, trustees will be appointed to sell the Equity of Redemption in said property, the proceeds thereof to be brought into this Court for distribution under its further orders.

D. The costs of this proceeding.